UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

In re:

Johnathan L. Cross and
Latisha D. Cross

Debtors.

Case No. 17-20977

Chapter 7

Wisconsin Mutual Insurance Company
    Plaintiff,
v.

Johnathan L. Cross and
Latisha D. Cross
    Defendants.

AP No. 17-02153

**DECISION GRANTING MOTION FOR DEFAULT JUDGMENT**

This case is an adversary proceeding commenced by plaintiff Wisconsin Mutual Insurance Company ("WMIC"), under 11 U.S.C. section 523(a)(9), to determine that a debt asserted to be owed by debtors Johnathan and Latisha Cross to plaintiff under a theory of subrogation is nondischargeable. Debtors, after being properly served, failed to answer the complaint, so WMIC filed a motion for default judgment. Debtors did not respond to that motion, and consequently the court held a prove-up hearing, and considered a supplemental affidavit WMIC filed and served thereafter. For the reasons stated below, plaintiff's motion is granted.

## FACTS

WMIC alleges that it paid to its insured, Ms. Hannah Hohlfelder, over $95,000 following a motor vehicle accident caused by Mr. Cross. WMIC asserts that Ms. Hohlfelder suffered both personal injuries and property damage, for

1

which WMIC compensated her through its underinsured motorist policy. WMIC asserts that it paid $9,698.91 in auto/collision damages, and $85,680 for medical expense and personal injury loss. WMIC filed a proof of claim for these amounts under a subrogation theory in debtors' main bankruptcy case, and debtors did not file any objection to the proof of claim. Case No. 17-20977, POC 1.

WMIC also alleges that Mr. Cross was intoxicated at the time of the accident. WMIC therefore seeks a determination that the portion it paid for personal injury loss, $85,680, is nondischargeable pursuant to 11 U.S.C. section 523(a)(9).[1]

The court held a prove-up hearing at which counsel for WMIC appeared and presented the affidavit of Ms. Iwona Zuehlke, an agent of WMIC. CM-ECF Doc. 38. Her affidavit attached the following exhibits:

A. WMIC insurance policy, issued to Arthur Hohlfelder, for the period October 20, 2013 through April 20, 2014, covering two vehicles, one of which is a 2012 Chrysler 200.

B. Green Bay Police Department report, March 7, 2014, of motor vehicle accident, noting Jonathan L. Cross as a vehicle operator, and citing him under Wis. Stat. § 346.63(1)(A). The second of the four vehicles involved in the accident was a 2012 Chrysler 200, insured by Wisconsin Mutual, with a female driver.

C. A claims display screen, showing loss payment for insured Arthur Hohlfelder, for loss date March 7, 2014, totaling $9,154.71 to Broadway Automotive of Green Bay, Inc., $44.20 to Arthur Hohlfelder, a total of $680 to medical providers, and $85,000 to Whetter Law office. Another page of Exhibit C shows record of medical payments, for patient Hannah Hohlfeder, from March 7, 2014 date of loss, to the same medical providers and in the same amounts as listed on the display screen.

---

[1] The complaint asserts that the full $95, 378.91 is nondischargeable under 11 U.S.C. sec. 523(a)(9), but at the prove-up hearing on WMIC's default judgment motion, WMIC's counsel appropriately conceded that sec. 523(a)(9) applies only to debt arising from bodily injury damage, and not to debt arising from property damage. The section states: "A discharge under section 727 … of this title does not discharge an individual debtor from any debt – … (9) for death or personal injury caused by the debtor's operation of a motor vehicle …. If such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance; … (.)"

    D. An Underinsured Motorist Release, signed by Hannah M. Hohlfelder, releasing WMIC from all claims arising from an accident involving vehicles driven by (debtor) and Ms. Hohlfelder on March 7, 2014.

The court withheld a ruling and permitted WMIC to file a supplement affidavit and legal briefing to bolster the evidentiary record.

Several weeks later, WMIC filed a supplemental affidavit of Ms. Zuehlke, which attached a copy of a page Ms. Zuehlke downloaded from a municipal court website. CM-ECF Doc. 40. Affiant asserts that the document attached as Exhibit A is a public record, and asks the court to take judicial notice of the record.

(This second) Exhibit A is a page from the City of Green Bay Municipal Court Public Inquiry Site. That website provides access to certain public records of the municipal court. A notice on the site states that the municipal court "makes every effort to publish accurate information." The specific citation information contained on Exhibit A describes Jonathan Leon Cross as the defendant, that he was charged under Wis. Stat. section 346.63(1)(a), for operating while intoxicated on March 7, 2014, and notes an April 18, 2014 disposition of "guilty." The record also shows that costs in the amount of $848.00 have been paid.

## DISCUSSION

A debtor's failure to answer an adversary complaint does not, alone, entitle the plaintiff to entry of a default judgment. *In re Trevisan,* 300 B.R. 708, 713 (Bankr. E.D. Wis. 2003) (explaining that a court will enter default judgment only if the evidence submitted establishes a *prima facie* case) (citations omitted). Federal Rule of Bankruptcy Procedure 7055(b)(2), governing the granting of default judgments, assigns the court broad discretion to conduct hearings and receive evidence it deems proper before entering a default judgment. Here, WMIC seeks to establish that it has a valid claim, and that the debt owed it should be excepted from debtors' discharge.

Proofs of claim executed and filed in accordance with the Bankruptcy Rules are *prima facie* evidence of the validity and amount of the claim. Fed. R.

Bankr. Proc. 3001(f). In addition to filing a validly executed proof of claim form, WMIC has provided the court with two affidavits of Ms. Iwona Zuehlke. In her first affidavit, Ms. Zuehlke attests to the accuracy of a WMIC uninsured/underinsured motorist policy issued to Mr. Arthur Hohlfelder, for a term between October 20, 2013 through April 20, 2014, covering two vehicles, including a 2012 Chrysler 200, and also providing for subrogation rights. CM-ECF Doc. 38, Ex. A. Ms. Zuehlke testified in her affidavit that WMIC paid certain funds under the policy in connection with medical expenses, property damage and bodily injury as a result of an accident, which payments total $95,378.91. CM-ECF Doc. 38, Ex. C, Ex. D. Her affidavit also appends a copy of a March 7, 2014 Green Bay police report, which notes that a 2012 Chrysler 200, insured by Wisconsin Mutual, was struck by a car driven by a person named Johnathan Cross. CM-ECF Doc. 38, Ex. B, pp. 5, 9, 14.

Police reports are not *per se* or wholly admissible because they are appended to someone's affidavit. Here, the affidavit is not the testimony of a police officer or police department records custodian, but of an insurance company representative who simply obtained a copy of this municipal document. Nonetheless, Federal Rule of Evidence 803(8)(c) permits, as an exception to the hearsay rule, those portions of police reports which are the recorded observations of an officer, made as part of his or her official duties.[2] The portions of Exhibit B which describe a 2012 Chrysler 200, insured by

---

[2] Federal Rule of Evidence 803 – Exceptions to the Rule Against Hearsay … (8) Public Records. A record or statement of a public office if:
  (a) it sets out:
    (i) the office's activities;
    (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
    (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
  (b) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

See also, *Avery v. City of Milwaukee*, No 11-C-408, 2015 WL 247991, *4 (E.D. Wis. Jan. 20, 2015) ("Police reports are generally excluded as hearsay except to the 'extent to which they incorporate firsthand observations of the officer. This is because the presumption of reliability that serves as the premise for the public-records exception does not attach to third parties who themselves have no public duty to report.'").

Wisconsin Mutual, having been struck by a car driven by Johnathan Cross, are recorded observations of the officer, John. F. LaValley, of the Green Bay Police Department. CM-ECF Doc. 34-1, p. 9; CM-ECF Doc. 38, p. 13. *Compare, In re Lewis*, 528 B.R. 885 (Bankr. E.D. Wis. 2015) (ruling that witness' statements contained in police report were inadmissible hearsay, either under business records exception or past-recorded recollection exception, citing Fed. R. Evid. 803(5) and (6); *In re Simon*, 2017 WL 4118284, *3 (Bankr. W.D. La., Aug. 3, 2017) (police report, but not witness statements contained therein, may be admissible).

WMIC, therefore, has made a *prima facie* showing of a debt owed it by the debtors in the amount of $95,378.91. Next, WMIC seeks entry of a default judgment for that portion of the subrogation debt for personal, bodily injury - $85,680 – as nondischargeable, pursuant to 11 U.S.C. § 523(a)(9). That Code section exempts debts from discharge which are:

> (9) for death or personal injury caused by the debtor's operation of a motor vehicle, … if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance;".

In order for WMIC to prevail under this section, it must be able to prove that:

(1) A personal injury or death occurred;

(2) As a result of a motor vehicle accident;

(3) Caused from a debtor's operation of a motor vehicle while

(4) Unlawfully intoxicated by alcohol, a drug or another substance.

*In re Hughes*, 488 B.R. 169, 175 (Bankr. D. Mont. 2013).

Courts have recognized that a claimant may hold a nondischargeable debt under section 523(a)(9) even where the claimant has not itself directly sustained personal injury but instead holds a subrogated claim stemming from a death or personal injury. *See, e.g., In re Delia,* 353 B.R. 532, 533-34 (Bankr. W.D. Mich. 2006) (explaining that Congress did not limit claimants to "victims", and citing statutory indemnitees and subrogation claimants as persons who may hold nondischargeable debts under sec. 523(a)(9)). Moreover, courts have

recognized that section 532(a)(9) reflects a congressional intent to prevent drunken drivers from escaping liability by discharging debts in bankruptcy. *See, e.g., In re Hughes*, 488 B.R. 169, 174-175 (Bankr. D. Mont. 2013) (explaining that a creditor's substance-impaired driving claim need not have been reduced to judgment before the debtor filed his bankruptcy case for the debt to be declared nondischargeable under section 523(a)(9)).

Here, in its supplemental filing, WMIC provided another affidavit of Ms. Zuehlke, appending a copy of a record downloaded from the Green Bay Municipal Court website. CM-ECF Doc. 40. That website states that it provides "access to certain public records of the municipal court." The online access provided by the Green Bay court is similar to the access provided by virtually all circuit courts in Wisconsin, via a database known as CCAP (circuit court access project). Wisconsin courts have recognized that records available on CCAP are "public records." *See, e.g., Watton v. Hegerty*, 2007 WI App 267, ¶26 n.17, 306 Wis. 2d 542, 744 N.W.2d 619 (noting that CCAP records for a Milwaukee County Circuit Court case are "public records of which we may take judicial notice"), *reversed on other grounds*, 2008 WI 74; *Keller v. Patterson*, 2012 WI App 78, ¶16, 343 Wis. 2d 569, 819 N.W.2d 841 (explaining that filing of petitions and complaint created a public record available on CCAP). Other federal courts already take judicial notice of information on government web sites. *See In re Jaffee*, 568 B.R. 292, 294 (Bankr. N.D. Ill. 2017) (taking judicial notice of information from the web site of state attorney disciplinary commission); *In re Ferguson*, 376 B.R. 109, 113 n.4 (Bankr. E.D. Pa. 2007) (taking judicial notice of matters of record in state courts within the same jurisdiction). The Seventh Circuit accepts that courts may take judicial notice of documents that are part of the public record, including pleadings and orders. *Scherr v. Marriott International, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013).

Accordingly, this Court will take judicial notice of Exhibit A to the supplemental affidavit submitted by WMIC, as it is a public, court record. CM-

ECF Doc. 40, p. 3. That record reflects a traffic violation date of March 7, 2014. The charge noted is under Wis. Stat. § 346.63(1)(a), which is for the offense of operating while intoxicated. The person charged is Jonathan Leon Cross, and disposition (or plea) is noted as "Guilty" with a date of April 18, 2014, and a paid cost of $848.00.

Consequently, WMIC has presented a *prima facie* case for all elements of 11 U.S.C. section 523(a)(9). Mr. Cross' liability arose from a motor vehicle accident, in which someone incurred personal injury and in which Mr. Cross was legally intoxicated according to Wisconsin law while operating a vehicle. The accident occurred in Wisconsin. Mr. Cross acknowledged liability and paid a fine in municipal court, and has not contested WMIC's proof of claim. As all the elements of sec. 523(a)9) are met, the debt will be deemed nondischargeable, and a separate order will be entered.

Dated: August 16, 2018

By the Court:

Beth E. Hanan
United States Bankruptcy Judge